UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
     v.                            )   CR. No. 13-53 S
                                   )
JOSEPH G. PETRARCA,                )   CR. No. 14-101 S
                                   )
          Defendant.               )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

In CR. No. 13-53 S, Defendant pleaded guilty to armed bank robbery (Count I) and bank robbery (Count II) and was sentenced to concurrent terms of 144 months' imprisonment, to be followed by concurrent periods of supervised release of five years on Count I and three years on Count II. Defendant was also ordered to pay $11,359 in restitution. In CR. No. 14-101 S, Defendant pleaded guilty to bank robbery and was sentenced to 144 months' imprisonment, to run concurrently with the sentence imposed in CR. No. 13-53 S and to be followed by a period of supervised release of three years. Defendant was ordered to pay $6,216 in restitution.

In both cases, Defendant filed a motion to amend the judgments to defer the payment of restitution until his prison

sentence is complete. (Def.'s Mot. 1, ECF No. 33.)[1] Defendant fears that, if he enrolls in the Bureau of Prison's ("BOP") Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. §§ 545.10-545.11, money placed into his prison account that is provided by his mother and wife for necessities and communication costs will be used to make restitution payments. (Def.'s Mot. 2, ECF No. 33.) If, on the other hand, he refuses to enroll in the IFRP, Defendant will be deemed ineligible for many other programs and privileges. (Id.)

This Court is not persuaded to amend the judgment in these cases. At the outset, Defendant's motion appears procedurally improper. See United States v. Pelletier, 382 F. Supp. 2d 160, 161 (D. Me. 2005) (finding, after examining several statutes and Federal Rules of Criminal Procedure, that court lacked authorization to consider motion to amend judgment to reduce the amount of restitution). Defendant has not identified the legal basis for his motion, and this Court is unable to discern one.

To be sure, in certain "restricted" circumstances, "a sentence imposing restitution may be subject to revision." Id. The various means by which this task might be accomplished are set forth in 18 U.S.C. § 3664(o):

> A sentence that imposes an order of restitution . . .
> (1) . . . can be – (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and [18 U.S.C.]

---

[1] ECF numbers in this Order correspond with CR. No. 13-53 S.

2

section 3742 . . . ; (B) appealed and modified under section 3742; (C) amended under [18 U.S.C. § 3664](d)(5); or (D) adjusted under section 3664(k), 3572, or 3613A.

Additionally, "the defendant may be resentenced under section 3565 or 3614." Id. § 3664(o)(2). However, none of these avenues are currently available to Defendant.

The restitution component of the judgment in this case cannot be "corrected under Rule 35," 18 U.S.C. § 3664(o)(1)(A), because Defendant's motion was not made "[w]ithin 14 days after sentencing," and it does not seek to correct an "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Similarly, Defendant cannot resort to § 3664(d)(5), see 18 U.S.C. § 3664(o)(1)(C), because that provision is only applicable where either the crime victim's losses are not ascertainable prior to sentencing or the victim subsequently discovers further losses. See id. § 3664(d)(5). In this case, Defendant and the Government stipulated to the amount of losses sustained by the financial institutions Defendant robbed.

Likewise, resentencing under § 3565 or § 3614, see id. § 3664(o)(2), is not a viable option for Defendant because his probation has not been revoked, see id. § 3565(a)(2) (authorizing court to revoke probation and resentence a defendant), and there is no indication that Defendant has

3

"knowingly fail[ed] to pay a delinquent fine or restitution," id. § 3614.

Additionally, the restitution component of the judgment cannot be adjusted under § 3613A because no finding has been made (or requested) that Defendant is in default on his restitution obligation. See id. § 3613A(a)(1); see also United States v. Gant, No. CR 06-00336-003 SBA, 2010 WL 4503186, at *2 (N.D. Cal. Nov. 2, 2010). Finally, this Court is powerless to award any relief under § 3742, see id. § 3664(o)(1)(A)-(B), because that statute governs appellate review of sentences imposed by district courts, and Defendant has not appealed his sentence.

That leaves adjustment under §§ 3664(k) and 3572, see id. § 3664(o)(1)(D), as the only remaining options. But these avenues are similarly unavailable to Defendant. Both sections require a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay" restitution. Id. § 3572(d)(3); id. § 3664(k); see also United States v. Perry, No. CR 95-75-04 S, 2012 WL 2771100, at *2 (D.R.I. May 16, 2012) (referring to material change in economic circumstances as "[t]he prerequisite for any action pursuant to § 3664(k)"). Defendant has not provided this Court with any indication that he has experienced such a material change since he was sentenced. Therefore, he is not entitled to adjustment

of the restitution order under these sections. See Perry, 2012 WL 2771100, at *2 (denying defendant's request for adjustment under § 3664(k) because defendant did not supply sufficient information about the change in his economic circumstances).

Moreover, even if Defendant could satisfy the material-change requirement of §§ 3664(k) and 3572, this Court would still not grant Defendant's motion. For starters, the relief Defendant seeks — wholesale suspension of the restitution obligation during his incarceration – is an extreme adjustment that is not warranted in this case. See Williams v. United States, 120 F. App'x 284, 285 (10th Cir. 2005) ("[E]ven if Williams met [the material-change] requirement, the language of 'adjust[ing] the payment schedule' clearly does not compel the district court to authorize a[] . . . suspension of all payments [during the defendant's incarceration].").

Additionally, while a district court has discretion to grant or deny a properly-supported request for adjustment "as the interests of justice require," 18 U.S.C. § 3572(d)(3); id. § 3664(k), this Court will not exercise its discretion in favor of Defendant because there is no reason to do so. The primary complaint in Defendant's motion – that the money that his wife and mother send him for communication and necessities will be used to pay restitution if he enrolls in the IFRP – is adequately addressed by the terms of the IFRP. As Defendant

acknowledges, (Def.'s Mot. 2, ECF No. 33), the BOP leaves $75 per month in the inmate's trust fund account "to allow the inmate the opportunity to better maintain telephone communication under the Inmate Telephone System." 28 C.F.R. § 545.11(b). Therefore, this is not an appropriate case for the discretionary adjustment of Defendant's restitution obligation.[2]

For these reasons, Defendant's motion is DENIED.

IT IS SO ORDERED.

*[signature: Wesmith]*

William E. Smith
Chief Judge
Date: February 3, 2015

---

[2] Defendant laments the "pay or lose privileges ultimatum set by the [IFRP]." (Def.'s Mot. 3, ECF No. 33.) But participation in the IFRP is voluntary, see United States v. Lemoine, 546 F.3d 1042, 1047 (9th Cir. 2008), and "the consequences the BOP imposes on inmates who refuse to participate in the IFRP are reasonably related to the legitimate penological interest of rehabilitation," id. at 1046. See also Taylor v. Winn, No. Civ.A. 05-10221-DPW, 2005 WL 1367235, at *6 (D. Mass. June 8, 2005).